**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MATTHEW D. PERKINS,

        Plaintiff,

   v.

NEW JERSEY DEP'T OF CORR.,
*et al.*,

        Defendants.

Civ. No. 18-12862 (RMB-AMD)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff's letter filed on January 17, 2019. (Letter, ECF No. 11.) While incarcerated in a residential reentry center, Plaintiff filed a prisoner civil rights complaint on August 15, 2018, which was assigned to the undersigned as Civil Action No. 18-12862 (RMB-AMD). (Compl., ECF No. 1). On November 27, 2018, the Court administratively terminated this action based on a deficiency in Plaintiff's application to proceed *in forma pauperis* ("IFP"), and the Court pre-screened Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B), finding that Plaintiff failed to state a claim. (Order, ECF No. 3.)

In the November 27, 2018 Order, the Court informed Plaintiff that he could reopen this matter by paying the filing fee or submitting a non-prisoner IFP application, and that he was permitted to file an amended complaint within thirty days to cure the deficiencies in his original complaint. (Order, ECF No. 3.)

Plaintiff, having not received this Court's November 27, 2018 Opinion and Order due to his change of address, filed several letters in this matter and a motion to appoint pro bono counsel. Plaintiff did not, however, submit a properly completed IFP application.

After Petitioner received copies of this Court's Opinion and Order dated November 27, 2018, Petitioner wrote to this Court contesting this Court's finding that he did not submit a properly completed IFP application and stating that his IFP application was granted by the Honorable John Michael Vazquez in Civil Action No. 18-12826 (JMV/JBC) (emphasis added). This Court takes judicial notice that Civil Action No. 18-12826 (JMV/JBC) is a civil action that Plaintiff filed on August 15, 2018 against the State of New Jersey, the Bergen County Prosecutor's Office, the Borough of S. Hackensack, Steven McAllister, Captain Robert Kaiser, and John Does 1-3, and the case was assigned to the Honorable John Michael Vazquez.

This is a separate civil action and requires a separate IFP application. See 28 U.S.C. § 1915(a)(1) ("any court of the United States may authorize the commencement . . . of any . . . action . . . without prepayment of fees. . . . by a person who submits an affidavit [of poverty]. Such affidavit shall state the nature of the action . . . and affiant's belief that the person is entitled to redress.") Judge Vazquez's order granting Plaintiff's IFP

application in Civil Action No. 18-12826 (JMV-JBC) does not entitle Plaintiff to IFP status in this action. Further, this Court has pre-screened Plaintiff's Complaint in this matter and determined that the Complaint fails to state a claim under 42 U.S.C. § 1983 against the defendants, New Jersey Department of Corrections and Southern State Correction Facility. (Opinion, ECF No. 2.) To avoid dismissal of this action under 28 U.S.C. 1915(e)(2)(B) upon obtaining IFP status, Plaintiff must file an amended complaint that states a claim upon which relief may be granted.

**IT IS** therefore on this **29th** day of **January 2019**,

**ORDERED** that the Clerk of the Court shall reopen this matter; and it is further

**ORDERED** that the Clerk of the Court shall serve on Plaintiff a copy of this Order; a blank form "Application to Proceed In Forma Pauperis-Non Prisoner (AO239);" and a blank form "Prisoner Civil Rights Complaint (05/09);" and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate without prejudice Plaintiff's motion to appoint pro bono counsel (ECF No. 10) and administratively terminate this action; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101, within 30 days of the date

of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application (non prisoner) or (2) the $400.00 filing and administrative fee; and (3) an amended complaint to cure the deficiencies described in the Court's November 27, 2018 Opinion; and it is further

**ORDERED** that if Plaintiff does not submit a complete, signed *in forma pauperis* application or the $400.00 filing and administrative fee within 30 days of the date of this Order, this action is dismissed without prejudice to Plaintiff filing a new action; upon such dismissal, however, any new action will be subject to a new filing fee or IFP application, and will be subject to the appropriate statute(s) of limitations at the time of filing; see Bricker v. Turner, 396 F. App'x 804, 804 n. 1 (3d Cir. 2010) (per curiam) (affirming district court's order dismissing civil rights action without prejudice as a sanction for failure to obey a court order or for failure to diligently prosecute); and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the $400 filing and administrative fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
